UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AXLE LOGISTICS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-1-TAV-DCP |
| | ) | |
| ROCCO PASCENTE and | ) | |
| HD SHIPPING SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Limited Expedited Discovery [Doc. 12]. Defendant HD Shipping Solutions, LLC ("HD Shipping") filed a response in opposition to the motion [Doc. 19]. Plaintiff did not file a reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion [**Doc. 12**].

## I.       BACKGROUND

Plaintiff is involved "in the transportation and shipping industries" wherein it "offer[s] freight logistics services and third-party logistics ('3PL') services" [Doc. 1-2 p. 3]. [O]n or about June 20, 2022, it hired Defendant Pascente as a Logistics Consultant, an entry-level sales position" [*Id*. at 4]. According to Plaintiff, it "developed Defendant Pascente's knowledge and skills in such areas as supply chain fundamentals, logistics sales strategy, customer service, negotiating freight capacity, and even the management of [its] customers' freight needs" [*Id*.]. Defendant Pascente

allegedly signed an agreement forbidding the solicitation of Plaintiff's customers to others for a period of two years following the employment relationship [*Id*. at 7]. The agreement also "restrict[ed] [Defendant] Pascente's interference with . . . customer relations" [*Id*.].

In June 2024, Defendant Pascente told Plaintiff "that he was voluntarily resigning his employment and moving back to Chicago to 'join the family business'" [*Id*. at 9]. During his exit interview, Plaintiff asked Defendant Pascente to sign "certain post-employment restrictive covenants" [*Id*.]. He declined to do so [*Id*. at 10]. Later, on November 2024, Plaintiff learned "that Defendant Pascente was actually running freight for [Plaintiff's] customer on behalf of Defendant [HD Shipping]" [*Id*.]. Plaintiff also learned that "Defendant Pascente and [Defendant HD Shipping] were running shipping lanes for [Plaintiff's] customers[,] which were previously operated by [Plaintiff] during [Defendant] Pascente's time with the company" [*Id*.]. According to Plaintiff, Defendant Pascente was listed as the verified contact for Defendant HD Shipping on highway.com, which "is a platform ubiquitous in the third-party logistics used by logistic companies to, *inter alia*, verify the identity of individuals holding themselves out as agents of freight brokerages and motor carriers" [*Id*.]. Plaintiff alleges that "Defendant Pascente clearly solicited and then successfully diverted the business of at least four of [its] customers" [*Id*. at 11]. Further, according to Plaintiff, "Defendant [HD Shipping] inquires at the earliest stage as to whether individuals interested in joining its . . . team have a 'verifiable Book of Business,' apparently without regard to whether the interested party may be bound by restrictive covenants" [*Id*. at 13]. Plaintiff claims that Defendants "acted in concert with the intention of diverting the business of [Plaintiff's] customers[] and concealing unlawful conduct and Defendant Pascente's breaches of the [a]greement with [Plaintiff], resulting in injury to [it]" [*Id*.].

Based on the above, Plaintiff filed the Complaint on November 27, 2024, in the Circuit Court of Knox County, Tennessee [*Id*. at 1]. Plaintiff alleges breach of contract against Defendant Pascente ("Count I"); intentional interference in violation of Tenn. Code Ann. § 47-50-109 against Defendant HD Shipping ("Count II"); common law inducement to breach intentional interference with Plaintiff's contractual relationships against Defendant HD Shipping ("Count III"); and civil conspiracy against Defendants ("Count IV") [*Id* at 14–16]. In addition, the Complaint seeks injunctive relief against Defendant Pascente [*Id*. at 17]. Specifically, Plaintiff requests that the Court enter a "[p]reliminary and [p]ermanent [i]njunction restraining, enjoining, and prohibiting Defendant Pascente from soliciting [Plaintiff's] customers and diverting the business of [Plaintiff's] customers away from [Plaintiff] or otherwise causing or assisting [Plaintiff's] customers to refrain from maintaining or acting from or through [Plaintiff] any product or service offered by [Plaintiff]" [*Id*.].

On January 1, 2025, Defendant HD Shipping removed this action to this Court asserting diversity jurisdiction [Doc. 1]. The notice states that Defendant Pascente consents to the removal [*Id*. ¶ 14]. Attached to the notice is Defendant Pascente's consent that he signed on December 23, 2024 [Doc. 1-3].

On January 10, 2025, Plaintiff filed the Motion for Limited Expedited Discovery [Doc. 12], which seeks to serve seven interrogatories on Defendant HD Shipping [Doc. 12-1]. Plaintiff seeks expedited discovery "related to Defendant Rocco Pascente's whereabouts in order to obtain service of process upon Defendant Pascente" [Doc. 12 p. 1]. Plaintiff contends that Defendant Pascente's last known address is 73 East Elm Street—Apt. 8D, Chicago, IL, 60611 ("Elm Street Address"), but that it "was unable to serve Defendant Pascente at this address and has been unable

3

to locate [him]" [*Id*. at 2]. According to Plaintiff, "[t]he private process server was told that Defendant Pascente does not reside at the [Elm Street Address]" [*Id*.].

Plaintiff contends that there is good cause for its expedited discovery [Doc. 13]. Plaintiff states that its Complaint outlines the harm that it has sustained from Defendant Pascente's actions and that it has sought preliminary and permanent injunctive relief [*Id*. at 4]. Noting that its discovery relates to "a discrete issue[,]" Plaintiff asserts that Defendant HD Shipping will not be prejudiced by responding to the interrogatories and that "it is apparent Defendant [HD Shipping] has obtained some knowledge of how to contact Defendant Pascente" given that it was able to obtain his consent to the removal [*Id*. at 5]. "[I]f [Defendant] Pascente is found to reside in Tennessee," Plaintiff states that "this Court may not even have subject matter jurisdiction over this suit" [*Id*.]. It further requests that the Court shorten the time to respond to the interrogatories to ten days [*Id*. at 5–6].

Defendant HD Shipping responds that Plaintiff has not shown good cause for its request [Doc. 19 p. 2]. It asserts that good cause is usually found in cases alleging infringement and unfair competition, but Plaintiff alleges neither [*Id*.]. In addition, Defendant HD Shipping states that "expedited discovery is typically necessary in cases involving injunctive relief," but "Plaintiff's discovery requests are not related to the injunctive relief sought in the Complaint" [*Id*. at 3]. Further, it submits, "The scope of Plaintiff's proposed interrogatories is overbroad and not narrowly tailored to discover the whereabouts of [Defendant] Pascente" [*Id*.]. To the extent the Court orders expedited discovery, Defendant HD Shipping requests that the order be limited to answering Interrogatory Nos. 1–3 [*Id*. at 4]. With respect to Plaintiff's argument that it has knowledge on how to contact Defendant Pascente as evident from his consent to remove this case, Defendant HD Shipping contends it "has no legal duty to assist Plaintiff in serving [him]" [*Id*.].

4

## II. ANALYSIS

Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). A court, however, may authorize early discovery. *Id.* "Although not explicitly required under the Federal Rules of Civil Procedure or binding caselaw, when reviewing a request for early discovery, courts often consider whether the requesting party has demonstrated 'good cause.'" *Simpson v. Doe #1-2*, No. 21-10877, 2021 WL 8084521, at *1 (E.D. Mich. May 7, 2021) (quoting 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046.1 (3d ed. 2021)); *see also Change Healthcare Operations, LLC v. Feeney*, No. 3:22-0305, 2022 WL 18640593, at *1 (M.D. Tenn. Aug. 4, 2022) ("Courts confronted with requests to allow discovery before the Rule 26(f) conference typically ask whether there is good cause to justify such early discovery." (citation omitted)).

In determining whether good cause exists, courts generally consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made." *Arab Am. C.R. League v. Trump*, No. 17-10310, 2017 WL 5639928, at *2 (E.D. Mich. Mar. 31, 2017) (citations omitted). Courts also review whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Fabreeka Int'l Holdings, Inc. v. Haley*, No. 15-CV-12958, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015) (quoting *Arista Recs., LLC v. Does 1-15*, No. 2:07-CCV-450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007)). "The decision to authorize early discovery lies within the sound discretion of the trial court, and, ultimately, 'depend[s] on the specific justifications offered in support of the application[.]'" *Change Healthcare Operations,*

5

*LLC*, 2022 WL 18640593, at *1 (citations omitted and first alteration in original).  The moving party bears the burden.  *Arab Am. C.R. League*, 2017 WL 5639928, at *2 ("Under this standard, the party seeking discovery must demonstrate the need to deviate from the normal timing of discovery."); *see also Skylink Ltd. v. UniTek Glob. Servs., Inc.*, No. 3:13-CV-02103, 2014 WL 104896, at *1 (N.D. Ohio Jan. 9, 2014). ("[T]he party requesting the expedited discovery bears the burden of proof of establishing the need for the request and reasonableness under the circumstances." (citation omitted)).

Turning to the first factor, while Plaintiff has requested injunctive relief in its Complaint, it has not filed a motion seeking an injunction, nor is the requested discovery related to injunctive relief.  "[E]xpedited discovery . . . may be appropriate in cases in which a preliminary injunction is sought."  *Wilson v. Gordon*, No. 3:14-1492, 2014 WL 12788888, at *3 (M.D. Tenn. Aug. 14, 2014) (citation omitted); *see also* Fed. R. Civ. P. 26(d) advisory committee's notes to 1993 amendment (stating that early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction").  This factor therefore does not favor its request.[1] *See R.Z. by B.Z. v. Cincinnati Pub. Sch.*, No. 1:21-CV-140, 2021 WL 1611504, at *2 (S.D. Ohio Apr. 26, 2021) (denying the plaintiff's motion for expedited discovery noting that she has "no motion for a temporary restraining order or for preliminary injunctive relief" (citation omitted)); *cf. Hydropartners, LLC v. Econergy Energy Generation Ltd.*, No. 1:08 CV 819, 2008 WL 1775411, at *2 (N.D. Ohio Apr. 16, 2008) ("As noted by the Plaintiffs, such limited discovery in advance of an injunction hearing is supported by applicable law.").

---

[1]     It is not dispositive either. *See Arab Am. C.R. League*, 2017 WL 5639928, at *2 ("The fact that Plaintiffs have yet to file a motion for preliminary injunction, does not mean that the Court cannot order expedited discovery." (collecting cases)).

The next factor considers the breadth of the discovery request. While Plaintiff only seeks to serve seven interrogatories, the Court finds that they appear facially overbroad. For instance, Interrogatory No. 7 asks Defendant HD shipping to "identify any and all methods of communication (e.g., addresses, phone numbers, etc.) you or your agents or attorneys have used to communicate with Rocco Pascente from 2024 forward, including the dates of any such communications" [Doc. 12-1 p. 2]. Although Defendant Pascente allegedly began working for Defendant HD Shipping in latter half of 2024, this request could cover months of communications. Plaintiff states that "it is apparent that Defendant [HD Shipping] has some knowledge on how to contact Defendant Pascente" [Doc. 13 p. 5]. Even so, these interrogatories go beyond that question [*see* e.g., Doc. 12-1 p. 2 (Interrogatory Nos. 4 and 5 seeking "any and all" email addresses and telephone numbers associated with Defendant Pascente)].[2] The Court therefore finds that the second factor weighs against Plaintiff's request.

The third factor, the purpose of the request, is to locate Defendant Pascente's whereabouts. The Court finds the purpose of this discovery weighs in favor of its request. *Dalton v. Ellison*, No. 306-CV-98, 2007 WL 208528, at *2 (E.D. Tenn. Jan. 24, 2007) (granting the plaintiff's motion to serve limited discovery on the defendant to locate the whereabouts of the co-defendant). As some courts have noted, another factor to consider is "whether the discovery would substantially contribute to moving the case forward[.]" *Barrette Outdoor Living, Inc v. Does*, No. 1:16 CV 914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016) (citation omitted). Serving discovery in an attempt to locate Defendant Pascente's whereabouts for service of process would appear to advance this matter.

---

[2]      As Defendant HD Shipping notes, "the information sought in Interrogatory No. 6 can be obtained in the Notice of Removal" [Doc. 19 p. 4].

The fourth factor considers the burden to comply. Given the breadth of the discovery requests, the Court finds the burden on Defendant HD Shipping to respond to the interrogatories within ten days is not light. *See Union Home Mortg. Corp. v. Everett Fin. Inc.*, No. 1:23 CV 00996, 2023 WL 4209420, at *3 (N.D. Ohio June 27, 2023) (finding that the burden to comply had "already been addressed in the Court's evaluation of the second factor"). This factor therefore weighs against Plaintiff's request.

With respect to the final factor, Plaintiff filed the motion weeks before the deadline by which the parties must participate in the Rule 26(f) planning meeting, which weighs in its favor.

After weighing the factors, the Court finds that Plaintiff has not established good cause for its request. The Court is particularly concerned about the breath of the requests and whether Plaintiff has exhausted its efforts in attempting to locate Defendant Pascente. Indeed, Plaintiff only states that its process server attempted to serve him at the Elm Street Address to no avail and that "the third-party process server [has] continued to attempt to locate Defendant Pascente without success" [Doc. 13 p. 2]. No other details are provided. *See Obeidallah v. Anglin*, No. 2:17-CV-720, 2017 WL 5192925, at *3 (S.D. Ohio Nov. 9, 2017) ("The Court acknowledges that locating Defendants has proven both challenging and frustrating. Yet, the Court is not persuaded that the present record establishes the good cause necessary to warrant the breadth of expedited discovery Plaintiff seeks and that he has exhausted all his efforts in this regard.").

## III.    CONCLUSION

For the reasons explained above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Limited Expedited Discovery [**Doc. 13**]. To the extent Plaintiff's efforts to locate Defendant Pascente are not successful, and expedited discovery is warranted, the parties **SHALL** meet and confer in an attempt to resolve the issue prior to filing motions, especially considering

8

Defendant HD Shipping's willingness to respond to some interrogatories [*See* Doc. 19 p. 4].  *See*

Fed. R. Civ. P. 1 (stating that the Rules "should be construed, administered, and employed by the

court and the parties to secure the just, speedy, and inexpensive determination of every action and

proceeding").

   **IT IS SO ORDERED.**

          ENTER:

          _____
          Debra C. Poplin
          United States Magistrate Judge