UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AXLE LOGISTICS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-1-TAV-DCP |
| | ) | |
| ROCCO PASCENTE and | ) | |
| HD SHIPPING SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Enlargement of Time to Serve Defendant Rocco Pascente [Doc. 33], which seeks a one-day extension of the deadline to serve Defendant Pascente and that the Court deem him as properly served. For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 33**].

## I.      ANALYSIS

On January 2, 2025, Defendant HD Shipping Solutions, LLC ("Defendant HD Shipping") removed this action to this Court [Doc. 1]. When removed, Plaintiff had not served Defendant Pascente [Doc. 33 ¶ 5]. In cases where "service of process has not been perfected prior to removal to federal court, such service is governed by the Federal Rules of Civil Procedure." *Medlen v. Est. of Meyers*, 273 F. App'x 464, 470 (6th Cir. 2008). Rule 4(m) provides that the plaintiff must serve the defendant within 90 days, *see* Fed. R. Civ. P. 4(m), meaning that Plaintiff had until April 2, 2025, to serve Defendant Pascente. *See Medlen*, 273 F. Appx at 470 (explaining that Rule 4(m) gives the plaintiff 90 days to serve the defendant "after the date of removal to complete service").

Plaintiff explains in detail its efforts to serve Defendant Pascente [*See* Docs. 33, 33-1, 33-2, and 34]. First, it hired a private process server to serve Defendant Pascente at his last known address in Chicago, Illinois [Doc. 33-1 ¶ 3 (citation omitted)]. When the process server learned that Defendant Pascente no longer resided there, the process server conducted an investigation and learned that Defendant Pascente may have moved to Knoxville, Tennessee [*Id*. ¶ 4]. The process server attempted to serve Defendant Pascente at a Knoxville address from December 17 to December 20, 2024, to no avail [*Id*.]. The process server later learned, from Defendant Pascente's mother, that he had moved, and she denied knowing his current address [*Id*. ¶ 5]. During this time, the process server also attempted to contact Defendant Pascente by telephone, but those efforts were also unsuccessful [*Id*. ¶ 4].

Next, on January 2, 2025, a process server attempted to serve Defendant Pascente at 630 Beau Court, Des Plaines, Illinois ("Des Plaines Address") [*Id*. ¶ 6]. But the process server "could not gain access to the building due to its secured entrance" [*Id*.]. On January 5, 2025, the process server talked to a resident at the building, but that resident would not say whether Defendant Pascente resided there [*Id*.].

Subsequently, Plaintiff hired Pinkerton Consulting & Investigations ("Pinkerton") in an attempt to locate Defendant Pascente [Doc. 33-2 ¶ 1]. Pinkerton investigated and learned that Defendant Pascente likely resided at the Des Plaines Address [*Id*. ¶ 4]. This agent, however, also had difficulty accessing the building due to the secured entrance [*Id*.]. "On March 18, 2025, while surveilling the Des Plaines apartment, the agent made contact with a man who identified himself as Defendant Pascente's father" [*Id*. ¶ 5]. According to Daniel Sbarra, the investigation manager for Pinkerton, "The man informed the agent that Defendant Pascente was aware of [Plaintiff's] lawsuit, had already obtained counsel to defend him in [Plaintiff's] lawsuit, and was aware that

2

[Defendant] had attempted to serve him with process" [*Id.*]. Defendant Pascente's father also reported that Defendant Pascente had moved to Florida [*Id.* ¶ 6]. "Pinkerton shifted efforts to serve Defendant Pascente at a Florida address connected to Defendant Pascente" [*Id.* ¶ 7]. "[While] Pinkerton's Miami office received process for service on March 28, 2025," it "could not immediately began efforts to serve Defendant Pascente because the agent originally assigned to the matter had the flu" [*Id.* ¶ 9]. Pinkerton assigned a new agent and personally served Defendant Pascente on April 3, 2025 [*Id.*; *see also* Doc. 24].

As noted above, Plaintiff's request is governed under Rule 4(m), which provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not effect service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

3

The Court finds that Plaintiff has established good cause for an extension to serve Defendant Pascente. Plaintiff took a reasonable and diligent effort to serve him, including hiring multiple process servers to serve him at multiple addresses [*See* Doc. 33-1 and Doc. 33-2]. *See Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at *3 (S.D. Ohio Apr. 6, 2020) (concluding that the plaintiff established good cause to serve the defendant because the plaintiff had been diligent in attempting to locate and serve the defendant). Accordingly, given that Plaintiff has established good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The Court notes that Plaintiff filed its motion on May 8, 2025, but the deadline to serve was April 2, 2025. It served Defendant Pascente on April 3, 2025—a day late. Pursuant to Rule 6(b)(1)(B), if "a party requests an extension of a deadline after that deadline has passed, the Court can grant an extension only on a motion and upon a finding of good cause and excusable neglect." *Boyd v. City of Warren*, No. 16-12741, 2019 WL 1423244, at *2 (E.D. Mich. Mar. 29, 2019) (citation omitted), *objections overruled sub nom.*, *Boyd v. McCabe*, No. 16-CV-12741, 2019 WL 3852582 (E.D. Mich. Aug. 16, 2019). There are four relevant factors to determine excusable neglect: "(1) the danger of prejudice to defendant[]; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within plaintiff's reasonable control; and (4) whether plaintiff acted in good faith." *Sydney v. Columbia Sussex Corp.*, No. 3:13-CV-312, 2014 WL 7156953, at *4 n.1 (E.D. Tenn. Dec. 15, 2014) (citation omitted).

Here, these factors weigh in favor of Plaintiff's request. As noted above, Plaintiff attempted to serve Defendant Pascente at multiple addresses and was able to serve him the day after the deadline to do so. There is no evidence that Defendant Pascente is prejudiced by this

4

delay, nor is there any indication that Plaintiff acted in bad faith.  The Court therefore finds an extension is warranted.

## II.     CONCLUSION

The Cour therefore **GRANTS** Plaintiff's Motion for Enlargement of Time to Serve Defendant Pascente [**Doc. 33**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge